Douglass, J.
This case came to this court on appeal. It is a suit .brought by Caleb Dodsworth to enjoin the collection of two assessments levied by the city of Cincinnati on property abutting on a street known as-Hamilton avenue. The initial proof was made of ordinances and legislation necessary •to the improvement, and is out of the case.
Of these assessments sought to be enjoined,that of January 25, 1893, is an assessment to cover damages paid to ■abutting property owners by reason of a change of grade, and the assessment of February 15th is an assessment to pay the cost of property condemned and the expenses of the condemnation proceedings to widen Hamilton avenue,
Caleb Dodsworth, the plaintiff, was the owner of a parcel of land along the line of this street improvement. He claims that both of these assessments are illegal ’and void, the one levied January 25th because:
First — 'An earlier ordinance, passed December, 1892, levying a tax for the surface improvement, which ]was paid by him, exhausted the power of the council in (thatjbehalf, and made future and independent additional assessments ■illegal and void.
Second-r-Because his property does not abut on the street as ordered improved.
Third — Because the plaintiff was not"afforded an opportunity to pay any of said assessmentsln cash,
Fourth — 'Because the assessment of January 25, 1893, amounting to $2.38x, added to the assessment] of $6.53x, •exceeds the preliminary estimate for thej'totalj'cost of the work, which was $>7.68x.
Fifth — Because the damage sought’ to be [assessed was occasioned by a change of grade, and the owners]: were not *290 liable to be assessed therefor under section 2301 of the-Revised Statutes.
By way of narrowing this contention, the city of Cincinnati concedes that the assessment of January, 1893, should be reduced so as to bring it within the preliminary estimate of 1892 when added to the assessment levied in December, which was paid.
As to the first of these contentions it is argued that because the ordinance, passed December 27, 1892, had levied an assessment to provide a fund to pay one-half the entire cost and expenses of improving Hamilton avenue, and the city having exercised this right of assessment, it is estopped from making any additional assessments under the statutes of Ohio as construed by the supreme court, and that Council at no time had the power to make any additional assessments.
Section 2290 provides:
“When it appears to the council that a special assessment is invalid, by reason of informality or irregularity in the proceedings, or when an assessment is adjudged to be illegal by a court of competent jurisdiction, the council may order a re-assessment, whether the improvement has been made or not. ”
. Section 2300 provides that:
“If an assessment proves insufficient to pay for the improvement and expenses incident thereto, the council may make an additional pro rata assessment to supply such deficiency;”
And is for an emergency of this kind.
The court does not subscribe to the view taken and claim made in this case that the power of the city council was exhausted in making the assessment of December, 1892, and that no further assessment can be made. We think sections 2290 and 2300, as construed by the supreme court, give the right to make a re-assessment; and that the assessment of January 25, 1893, comes within the provisions of these *291 sections; and that they do apply in a case of this kind-
It is said that because the Dodsworth property does not abut upon the street as ordered improved, the assessment is invalid. The evidence in this case Bhows that the strip of ground appropriated was necessary in order to make the street the width to which it had been ordered made, and we-think that, as a matter of^fact, this objection falls to the' ground.
As to the contention that the plaintiff was not given an opportunity to pay in cash, we hold that the plaintiff has a right so to pay his assessment, and may exercise it if he desires; but that the assessing ordinance does not make provision for such a payment does not make the assessment, absolutely null and void.
As to the objection that the assessment of $2.38x, added to the assessment of $6.5369x levied December, 1893, exceeds the preliminary estimate, this does not make the assessment void except pro tanto, which is conceded by the-city.
The fifth defense to the assessment of January 25, 1893,, is that the assessment is to cover damages occasioned by reason of the change of grade. The claim is that property owners cannot be assessed for such damages, and this is-true under certain circumstances. If an improvement had-formerly been made and the property owners had paid for-it, and a change of grade was sought to be made, and that was the purpose of the improvement and no other, and not because a surface improvement had to be made, the case would be different. As far as the record shows, the declarations of the officers making the improvement that this property had not been assessed for a former change of' grade, made the change in this improvement an incident to such improvement. The change .of grade is not the thing that occasioned the making of this improvement, and we think it is only in a case where it is shown by the proof and *292 • as a fact that that change of grade occasioned the expense, and was not a simple incident to the improvement, that as-sessments can not be made. In any event, the whole end •and purpose in this case being to improve the street, we ■think that that point is not well taken.
On this first assessment our conclusion is that on this -branch of the case as to the assessment levied January, 1893, the same be enjoined only as to the excess above the .preliminary estimate.
The validity of the assessment of February 15, 1893, is • attacked on all the grounds just considered, and in addition it is said, first: that the assessment is void because it should ■have been apportioned on all property abutting on the entire length of the avenue; and because said ordinance as.-sessed the cost of condemnation only on the property abutting the part which was appropriated on the west side of Hamilton avenue; that if it should not have been assessed ■on the whole length of Hamilton avenue as ordered improved, it should at least have been assessed on both sides • of such part of Hamilton avenue as . included the property • appropriated to widen the street. This last proposition is ■ conceded by the city. It is further contended that the as-sessment is invalid because the ordinance is unconstitutional in this: that you cannot condemn property and pay • condemnation money,and then, under the guise of taxation, without reference to benefits by alleging front foot assessments, re-condemn the money out of the pocket of the owner • of the land. Further, that the assessment is invalid because the sum of the three assessments is in excess of the preliminary estimate. This objection is not good, because independent proceedings concerning this condemnation resting upon a basis of its own are what the condemnation rests on.
Now, in addition to the contentions to whichjl have referred very briefly,is the contention that where the land, aa fin this case, goes for the purpose of widening the^street, its *293 cost should be assessed upon the whole length of the street as.ordered improved.¿¿We think the widening of the street at this point was a separate improvement, and that the assessment for its cost should be' local, and ;ithe assessment will be held valid and binding only as to such lots and lands as bound and abut on this improvement. The improvement, within the constitutional meaning, has reference to the specific thing of definite location which has been already added to the street improvement. So that we conclude that the contention of the city is right in this regard; but that the assessment cannot be justified under the holding in 172 U. S. Reports, known as the Baker v. Norwood case, because that case is authority for the fact that no authority exists for paying the owner his condemnation money, and then adopting a rule of assessment whereby, in violation of the constitution, both state and federal, the entire award to him is re-condemned by imposing on his abutting property an assessment by the front foot without reference to special benefits.
Drausin Wulsin, for Plaintiff.
Ellis G. Kinkead and John V Campbell, Corporation Counsel, for Defendant.
The injunction as to this second, or we may call it the third or condemnation assessment, is made perpetual, and the second assessment, in so far as it exceeds the preliminary estimate,is also enjoined.